The **HOUSING AUTHORITY OF the CITY OF HARLINGEN**, Appellant,

v.

**Raquel VALDEZ and Elias J. Zamora**, Appellees.

No. 13–91–490–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 17, 1992.

Rehearing Overruled Dec. 17, 1992.

Robert C. Sheline, Gibbon, Gibbon & Sheline, Harlingen, David Horton, Denver, Colo., for appellant.

Hector J. Villarreal, Edinburg, James A. Herrmann, Harlingen, for appellees.

Before NYE, C.J., and BISSETT [1] and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

BISSETT, Justice.

This is an appeal by the Housing Authority of the City of Harlingen ("the Housing Authority"), plaintiff in the court below, from a dismissal of its petition for a declaratory judgment. We reform the judgment, and as reformed, affirm.

The question to be resolved is whether the court below erred as a matter of law in dismissing the appellant's declaratory judgment action for want of subject matter jurisdiction. We answer the question in the negative.

## BACKGROUND

Raquel Valdez, an employee of the Housing Authority, filed suit against the Housing Authority, Elias J. Zamora and certain other named individuals on February 15, 1990. Suit was filed in the 107th District Court of Cameron County, Texas and was docketed as Cause No. 90–02–688–A. She sued to recover damages for sexual harassment committed by the defendant Elias J. Zamora ("Zamora"), the office manager of the Housing Authority and her supervisor. She alleged that Zamora made unwanted sexual advances toward her from about September 12, 1985, until about December 28, 1989, when Zamora's conduct became so obnoxious and repulsive that she was forced to leave her employment with the Housing Authority. She filed notice of a non-suit on June 8, 1990. The record does not reveal any further action in that case.

Thereafter, Raquel Valdez ("Valdez") filed a charge of discrimination with the Texas Commission on Human Rights ("the

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

Commission") on June 11, 1990, wherein she claimed that she had been sexually harassed by Zamora. An uncontested affidavit from Hilaria Martinez, executive director of the Housing Authority, states that the Commission issued findings on November 30, 1990, of no reasonable cause to believe the allegations contained in Valdez's complaint, TCHR Complaint 1900495–S. The affidavit further states that Valdez filed a new suit, Cause No. 91–01–0261–E, against the Housing Authority on January 25, 1991, in the 357th District Court, Cameron County, Texas. The new suit alleges sexual discrimination and complains that the Housing Authority acted to harass and embarrass her after learning of her original complaint.

The Housing Authority filed its original petition for declaratory judgment on June 11, 1990. Valdez and Zamora were named as defendants. The petition was filed in the 107th District Court and was docketed as Cause No. 90–06–3342–A.

Valdez filed a plea to the jurisdiction and a plea in abatement seeking to dismiss the Housing Authority's petition for declaratory judgment, or to abate the action until the Commission made a ruling on her claim of sexual harassment. This pleading was filed on July 6, 1990. She alleged that the court did not have subject matter jurisdiction of the action for declaratory judgment because: 1) her claim was in the nature of a tort action and declaratory judgment actions are an inappropriate means to adjudicate a plaintiff's rights; 2) the petition failed to assert a primary legal right in the Housing Authority about which there was a case in controversy; 3) there was no primary legal duty on her part which had been breached to the detriment of the Housing Authority; 4) a declaratory judgment was inappropriate because it would not end the controversy; and, 5) a declaratory judgment was inappropriate because another proceeding between the parties, i.e., the Commission's administrative complaint was pending which might adjudicate the issues set forth in the petition.

The Housing Authority filed its first amended original petition on July 10, 1990.

Its allegations therein are summarized, as follows: 1) Valdez requested medical leave of absence from her employment, but failed to furnish medical records as requested by it, and, consequently, it "has been unable to review her request;" 2) Zamora made certain demands concerning his employment with it, and when he was notified of the Housing Authority's intention to suspend him without pay pending resolution of the claim made against him by Valdez, he notified the Housing Authority that he intended "to contest the suspension without pay," and that because of the failure of Valdez to obey an administrative order, and of her refusal to be deposed, the Housing Authority "has been unable to proceed administratively concerning said demands;" and 3) following the questioning of Zamora by the executive director of the Housing Authority, after Valdez had accused him of sexual harassment, Zamora put Housing Authority on notice that "he intended to file an EEOC complaint."

The Housing Authority sought the following relief:

### V.

The plaintiff seeks declaratory judgment of the Court that it and its commissioners have no liability in connection with any of the matters, events and facts alleged in said EXHIBIT 'A',[2] or, in connection with, by virtue of, or arising out of the employment of the defendant by plaintiff.

### VI.

The plaintiff further seeks declaratory judgment of the court in determining the rights, duties and status of the parties relative to the employment of defendants by Plaintiff, including but not limited to, whether defendant ZAMORA may properly be suspended without pay or terminated from his employment with plaintiff; whether or not defendant VALDEZ has abandoned her employment with the plaintiff and whether or not she is entitled to a continuation of medical health

---

**2.** Valdez's original petition in Cause No. 90–02–   688–A.

care employee benefits; and whether or not she is entitled to a medical leave of absence from her employment with plaintiff.

On August 15, 1990, after arguments by counsel for the parties were heard, the Honorable Gilberto Hinojosa, District Judge, granted both the plea to the jurisdiction and the plea in abatement from the bench. No written order was signed prior to the date that Judge Hinojosa left the bench. Later, the Honorable Benjamin Euresti, Jr., District Judge, signed an order on April 30, 1991, dismissing Cause No. 90–06–3342–A, the declaratory judgment action and abating the action.

After Judge Hinojosa orally granted the plea in abatement and dismissed the case for want of jurisdiction, and before Judge Euresti signed the written order of dismissal and abatement, the Housing Authority filed a motion entitled "Plaintiff's Motion for Reinstatement and For Trial Setting." This motion, which was filed on April 19, 1991, was opposed by Valdez. Both the motion and the opposition thereto were filed in Cause No. 90–06–3342–A, in the 107th District Court. The Housing Authority's motion reads in part:

> [t]here is currently pending in the 357th Judicial District Court of Cameron County, Texas, a cause of action entitled 'RAQUEL VALDEZ VS. HARLINGEN HOUSING AUTHORITY AND ELIAS ZAMORA' and numbered 91–01–00261–E (hereinafter referred to as the '357th Judicial District Court' case). Said cause of action was filed on January 25, 1991, and involves the same parties and similar issues as the above entitled and numbered cause of action (herein referred to as the '107th Judicial District Court' case).
>
> At the time of filing this Motion for reinstatement and for Trial Setting, Movant is also filed a Motion for Consolidation of Causes of Action in the 357th Judicial District Court, requesting that said Court enter an Order consolidating the 357th Judicial District Court case and the 107th Judicial District Court case.

The record does not show that the "Motion for Reinstatement and for Trial Setting" was ever presented to the court, or that the court ruled therein. However, as already stated, the petition for declaratory judgment was dismissed first by an oral pronouncement from the bench and later by formal order signed on April 30, 1991.

The Housing Authority's motions for new trial and to set aside the order of dismissal, filed on May 2, 1991, were denied by the judge of the 107th District Court by order signed on June 19, 1991.

The court below made and filed findings of fact and conclusions of law, as follows:

> Raquel Valdez and Elias J. Zamora were employees of the Harlingen Housing Authority. Elias J. Zamora was Raquel Valdez's supervisor. He was in charge of the Section 8 Housing Program. Raquel Valdez claims that Elias J. Zamora sexually harassed her during the period November, 1988 through 1989.
>
> The plaintiff Harlingen Housing Authority filed this action for declaratory judgment allegedly to determine its rights vis-a-vis defendant.
>
> At the time that the plaintiff actually filed, there was pending before the Texas Commission on Human Rights a charge of discrimination by Raquel Valdez. The TCHR has primary jurisdiction over claims of discrimination and a charging party's administrative remedies should be exhausted prior to a court taking jurisdiction.
>
> Therefore, at the time that this court's predecessor dismissed the Housing Authority's petition for declaratory judgment, this court did not have jurisdiction of the subject matter of the petition.
>
> Other than the plaintiff's demand for a declaratory judgment involving the employment relationships which were the subject matter of defendant Valdez's administrative complaint, the plaintiff did not state any basis for a cause of action, therefore there is no basis in law or fact for maintaining this action.

## THE APPEAL BY THE HOUSING AUTHORITY

The Housing Authority presents eleven points of error. It contends in its first nine points that the court below erred in dismissing its action for declaratory judgment

for want of subject matter jurisdiction (first point) and erred in its finding of "no subject matter jurisdiction" to declare: 1) the rights of the parties under the Texas and United States Constitutions (second and third points); 2) the rights of the parties under 42 U.S.C. Sections 1981 and 1983 and Title VII of the Federal Civil Rights Act of 1964 (fourth and sixth points); 3) the rights of the parties under the retaliation provisions section of the Texas Commission on Human Rights Act (fifth point); 4) the rights and obligations of Raquel Valdez and the Housing Authority under the Public Health Services Act regarding notice to employees of the right to continuation of employee group health benefits upon termination of employment (seventh point); 5) the rights and obligations of Raquel Valdez and the Housing Authority under the Texas Worker's Compensation Act regarding the nature of the health care claims and application for medical benefits submitted by Raquel Valdez (eighth point); and 6) the rights and obligations of the parties in context of the employer-employee relationship (ninth point). The Housing Authority further asserts that the court abused its discretion in declining to accept jurisdiction to render a declaratory judgment, and in overruling its motion for new trial (tenth and eleventh points). Since the points are closely related, they will be discussed together.

The Declaratory Judgments Act provides:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

(b) A contract may be construed either before or after there has been a breach.

Tex.Civ.Prac. & Rem.Code Ann. § 37.004 (Vernon 1986).

The Housing Authority does not seek a construction under a deed, will, written contract, or any other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise. It simply pleads for a declaration of its rights and the rights of Valdez and Zamora, two of its employees, in connection with the claim of sexual harassment of Valdez by Zamora and the claim by Zamora that he should not be suspended without pay, pending the outcome of the sexual harassment claim. The rights of Valdez and Zamora concerning their employment are not involved in this case.

■ The Declaratory Judgments Act does not confer new substantive rights upon the parties nor additional jurisdiction on the courts but merely provides a procedural device for determination of controversies which are *already* within the jurisdiction of the courts. *Jester Dev. Corp. v. Travis County Appraisal Dist.*, 775 S.W.2d 464, 466 (Tex.App.—Austin 1989, no writ); *Crawford v. City of Houston*, 600 S.W.2d 891, 894 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Marshall v. City of Lubbock*, 520 S.W.2d 553, 555 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Phillips v. City of Odessa*, 287 S.W.2d 518, 520 (Tex.Civ.App.—El Paso 1956, writ ref'd n.r.e.).

■ It is settled law in Texas that the Declaratory Judgments Act is not available to settle disputes currently pending before a court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990); *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970); *Texstar North America, Inc. v. Ladd Petroleum Corp.*, 809 S.W.2d 672, 678 (Tex.App.—Corpus Christi 1991, writ denied).

In the instant case, the issues of sexual harassment of Valdez by Zamora, and damages claimed by Valdez against the Housing Authority as a result of such unwarranted acts by Zamora, the Housing Authority's employee, were pending in the 357th District Court of Cameron County at the time the court below ruled that it lacked jurisdiction to entertain the declaratory action.

■ The declaratory judgment procedure may not be used by a potential defendant to determine potential tort liability. *Martinez v. Corpus Christi Area Teachers Credit Union*, 758 S.W.2d 946, 951 (Tex. App.—Corpus Christi 1988, writ denied).

In *K.M.S. Research Laboratories Inc. v. Willingham*, 629 S.W.2d 173, 174 (Tex. App.—Dallas 1982, no writ), the court stated that "litigation of liability by a potential defendant in a tort action is an improper use of declaratory judgment legislation." [3]

In the case of *Newman Oil Co. v. Alkek & Foremost Petroleum Corp.*, 614 S.W.2d 653 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.), this Court reviewed a case where the trial court granted summary judgment on a counterclaim which sought declaratory relief after the plaintiff had filed a motion for non-suit. In reversing the judgment, this Court said:

> In order for a defendant to qualify as seeking affirmative relief in his counterclaim, his pleadings must allege facts which show that he has a cause of action, independently of plaintiff's claim, on which he might proceed to recover benefits, compensation, or relief even though plaintiff abandons his cause of action or fails to establish it.

*Id.* at 655; *see also Texas Elec. Utils. Co. v. Rocha*, 762 S.W.2d 275, 276 (Tex.App.—El Paso 1988, writ denied).

The primary issue in *Schroeder v. Texas Iron Works, Inc.*, 769 S.W.2d 625 (Tex. App.—Corpus Christi 1989), *aff'd*, 813 S.W.2d 483 (Tex.1991), was whether exhaustion of administrative remedies is a prerequisite to bringing a civil action for age discrimination in employment. This Court's holding that the complainant, must, as a preliminary step file a complaint with the Texas Commission on Human Rights was upheld by the supreme court, when it held:

> exhaustion of administrative remedies is a mandatory prerequisite to filing a civil

action alleging violation of the CHRA [4]....

*Id.* at 488.

The supreme court further held in *Schroeder:*

> Schroeder's failure to file a complaint and to pursue his administrative remedies with the Commission creates a jurisdictional bar to his age discrimination in this case....

*Id.* at 488.

This Court discussed in *Schroeder* the provisions and ramifications of the Commission on Human Rights Act, Tex.Rev. Civ.Stat.Ann. art. 5221k (Vernon 1987), as well as the federal statutes heretofore mentioned in our summary of the contentions made in the points of error presented by the Housing Authority in this appeal. *See Schroeder*, 769 S.W.2d at 626–28. The supreme court does the same in *Schroeder*, 813 S.W.2d at 485–88. We see no reason to restate the holdings and comments therein contained.

■ The filing of a complaint with the Texas Commission on Human Rights for sexual harassment is a mandatory prerequisite to the filing of a civil suit for damages. *Bushell v. Dean*, 781 S.W.2d 652, 654–65 (Tex.App.—Austin 1989), *rev'd. on other grounds*, 803 S.W.2d 711 (Tex.1991), and cited by the supreme court in *Schroeder*, 813 S.W.2d at 488, for the holding that "filing a complaint under [CHRA] § 6.01 is a mandatory prerequisite to a sexual harassment suit."

■ A court may refuse to render a declaratory judgment where such judgment would not terminate the uncertainty or controversy giving rise to the proceeding. *Donald v. Carr*, 407 S.W.2d 288, 293 (Tex. Civ.App.—Dallas 1966, no writ).

This Court stated in *Texstar:*

> The Declaratory Judgments Act is not available to settle disputes currently pending before a court. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990). A justiciable controversy must exist between the parties before a

---

3. Cited by the supreme court in *Abor v. Black*, 695 S.W.2d 564, 565–66 (Tex.1985).

4. Commission on Human Rights Act, Tex.Rev. Civ.Stat.Ann. art. 5221k (Vernon 1987).

declaratory judgment action will lie. *California Products, Inc. v. Puretex Lemon Juice, Inc.* [160 Tex. 586], 334 S.W.2d 780, 781 (Tex.1960); *El Paso Natural Gas v. American Petrofina Co.*, 733 S.W.2d 541, 554 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). A justiciable controversy does not exist where an advisory opinion is being sought if a party requests a court to render a declaratory judgment premised upon the occurrence of a future, hypothetical event. *Stop'n Go Markets v. Executive Security Systems, Inc.*, 556 S.W.2d 836, 837 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ).

*Texstar*, 809 S.W.2d at 678–79.

A justiciable controversy did not exist in Cause No. 90–06–3342–A between the Housing Authority on the one hand and Valdez and Zamora on the other hand when the cause was dismissed for want of jurisdiction. The Housing Authority was seeking an advisory opinion on the rights of all parties to the suit. Judgment defining these rights would not have disposed of the damages which Valdez and Zamora might have sustained in the event the court held that their rights had been violated. Therefore, the judgment would have done nothing more than lay the groundwork for a future suit on the issue of damages.

In the case at bar, the record shows that both the notice filed by Valdez with the Commission and the Housing Authority's original petition for a declaratory judgment were filed on June 11, 1990. There is no showing of the hour when such were filed; however, the parties indicate in their briefs that the notice had been filed before the petition was filed. We presume that such was the case. The record does show, however, that the notice had been filed before the Housing Authority's first amended original petition was filed.

■ The cases hereinbefore cited hold that before a claim, including a claim for harassment, can be litigated between an employee and an employer, the employee must first exhaust administrative remedies by filing and pursuing a complaint with the Commission. For the same reasons given by this Court and the Supreme Court in *Schroeder*, it is inappropriate for an *employer* to prematurely litigate Commission claims when an *employee* is prohibited from doing so because of the exhaustion of administrative remedies requirement, so it is also inappropriate to allow a potential defendant to attempt to litigate a potential plaintiff's tort claims by declaratory judgment because it is the plaintiff's traditional right to choose the time and place of suit. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex. 1985).

Similarly, based on the same primary jurisdiction exhaustion principle expressed in *Schroeder*, it would have been inappropriate for the district court to entertain a declaratory judgment even if the plaintiff had stated a basis for a claim because another proceeding was pending at the time that the district court made its original ruling from the bench on August 15, 1990. *Texas Liquor Control Board v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex.1970). Furthermore, by the time Judge Euresti reheard the Housing Authority's arguments, there was pending before the 357th District Court (another court) Valdez's claims of sexual harassment against the Housing Authority and Zamora which provided the Housing Authority with ample opportunity to raise the alleged concerns set forth in its petition.

■ The ultimate question posed in this case is whether the Housing Authority and Zamora are liable in damages for the alleged sexual harassment (a tort) of Valdez. At all times relevant to this appeal, no court has yet decided whether Zamora has committed a tort which would render the Housing Authority and Zamora liable in damages. That is the issue in the untried case of *"Raquel Valdez v. Harlingen Housing Authority and Elias Zamora,"* Cause No. 91–01–00261–E, which was pending in the 357th District Court of Cameron County, Texas, having been filed in January 25, 1991, which involves the same parties and similar issues as those involved in Cause No. 90–06–3342–A, in the 107th District Court, styled *"The Housing Authority of the City of Harlingen v. Raquel Valdez and Elias J. Zamora,"* the judgment in that case being before us in this

appeal. At present, the question is hypothetical—"Are the Housing Authority and Zamora liable in damages to Valdez in tort?" If Valdez should fail to establish her case, the questions raised in the appeal would be moot and "we would have had a considerable amount of judicial wheel spinning for nothing." *See Fireman's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333 (Tex.1968).

> The courts do not make mere hypothetical adjudication where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events....

*Id.* at 334.

The Housing Authority is seeking to obtain a predetermination of at least one very cogent element in the pending tort action in the 357th District Court—whether it is liable in damages to Valdez for the tort of Zamora. This is not the purpose for seeking relief by a declaratory action. A declaratory judgment would not settle or end the controversy.

The Housing Authority does not have standing to ask the court below or this Court to resolve Valdez's claim of sexual. harassment against Zamora. This claim belongs to Valdez and must first be addressed by the Commission and potentially by a suit in the name of Valdez against the Housing Authority and Zamora. If Valdez does not follow the procedural and limitations requirements and properly raise the issues which concern the Housing Authority then she will lose her rights and there will be no liability on the part of the Housing Authority. If she pursues her claim properly, then the Housing Authority will have the opportunity to determine what its duties and liabilities are to Valdez. As stated above, a declaratory judgment action may not be used to adjudicate liability of a potential defendant in a tort action even when brought as a counterclaim. Furthermore, the Housing Authority's petition fails to contain allegations that a primary legal right rests in it, the plaintiff, about which there is a case in controversy and there is no allegation that there is a primary legal duty on the part of Valdez which has been breached to the detriment of the plaintiff. *See Christy v. Hamilton,* 384 S.W.2d 795, 796 (Tex.Civ.App.—1964, no writ). Therefore, there is not a sufficient case in controversy set forth in the petition which would give either the court below or this Court the discretion to entertain a declaratory judgment. *See also Willacy County Appraisal Dist. v. North Alamo Water Supply Corp.,* 676 S.W.2d 632, 641–42 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (declaratory judgment is inappropriate if it will not end the controversy). Finally, as heretofore noted, a declaratory judgment should not be entertained if there is pending at the time it is filed another action or proceeding between the same parties in which the issues involved in the declaratory action may be adjudicated.

■■■■ There is nothing in the Housing Authority's petition that would even state a substantive defense to Valdez's claims of sexual harassment and abuse. Because the subject matter set forth in the petition is not proper grounds for declaratory judgment, the petition does not state a cause of action; therefore, the trial court properly dismissed the declaratory judgment action for lack of subject matter jurisdiction. Whether Valdez was entitled to continued health care benefits is inextricably tied to her claims of sexual harassment. It is a question involving her remedies based on her claims of unlawful sexual harassment should she prevail. It is a collateral issue. The question does not present a substantive defense to the Housing Authority's claims. It is inappropriate for a defendant to raise defenses to a potential plaintiff's tort action by means of a declaratory judgment action. *Perry v. Welch,* 725 S.W.2d 347, 349 (Tex.App.—Corpus Christi 1987, no writ). The same rule applies in the instant case where a potential defendant in a potential suit in tort attempts to secure a ruling on potential liability in an action, as plaintiff, for a declaratory judgment. If there is an issue between Valdez and the Housing Authority relating to health benefits, it can be resolved in Valdez's suit in the 357th District Court for sexual harassment. There is no reason or basis for requiring a district court to entertain a

collateral issue involving the subject matter of the suit where the same subject matter is properly before a second district court.

As hereinbefore discussed, any hypothetical questions the Housing Authority had about health care benefits were tied directly to Valdez's claims of sexual harassment which are now pending before another court, the 357th District Court. At the time that the Housing Authority's action for declaratory judgment was dismissed, these claims were pending before the Commission. At best, the questions raised by the Housing Authority in its eighth point of error are hypothetical. They do not present a substantive defense to Valdez's claims of sexual harassment. The Housing Authority is in no sense injured by not having had these claims adjudicated in a declaratory judgment action rather than in the context of Valdez's sexual harassment case. Moreover, the Housing Authority did not raise any questions in the district court below concerning worker's compensation. There is no indication in the record that Valdez ever considered filing a worker's compensation claim, ever sought worker's compensation benefits, or ever told anyone that she intended to do so.

The Housing Authority forcefully argues that it was entitled to the relief sought, irrespective of the holding by the 107th district court, as clarified in its conclusion of law, that the Texas Commission on Human Rights "has primary jurisdiction over claims of discrimination and a charging party's administrative remedies should be exhausted prior to a court taking jurisdiction." In summary, the Housing Authority argues in its brief:

> [C]onsistent with both the Act [5] and well settled case law, the Housing Authority petitioned the District Court to construe the rights and obligations of all three (3) parties [6] under the constitutions, statutes and common law.

We do not agree. Were we to follow the argument of the Housing Authority, we would be required to ignore the holdings in *Schroeder, Martinez, Texas Electric Utils. Co., Newman Oil Co.* and *Texstar,* cited above, where it was held that in a *tort* action, the claimant must file a claim *first* with the Commission and exhaust administrative remedies before a court acquires jurisdiction to render judgment in a declaratory judgment action.

The court's dismissal of the Housing Authority's declaratory judgment action did not violate any of its rights guaranteed it by either the State or Federal Constitutions. The court below was not required "to declare the rights and remedies of the parties under 42 USC Sections 1981 and 1983," nor was it required "to declare the rights of the parties under the retaliation provision section of Title VII of the Federal Civil Rights Act of 1964." The court below did not abuse its discretion in declining to accept jurisdiction to render a declaratory judgment, or in overruling the Housing Authority's motion for new trial.

We have considered all of the Housing Authority's points of error, and they are overruled.

## THE CROSS POINTS

Valdez presents two cross points of error. She contends in her first cross point that the court erred in failing to award attorney's fees to her. She asserts in her second point that she is entitled to damages because the Housing Authority appealed the judgment for delay and without sufficient cause.

■ Valdez did not ask for an award of attorney's fees in her pleadings which she filed in opposition to the Housing Authority's petition for declaratory judgment. The record does not contain a motion or any pleading of any character requesting such an award; nor does the record show that she presented any evidence relating to attorney's fees in the proceedings had in the court below. Therefore, since there are no pleadings for an award of attorney's fees, and as the matter of attorney's fees was not presented to the court below for determination, it cannot be so presented in this Court. The first cross point is overruled.

---

**5.** The Uniform Declaratory Judgments Act.

**6.** Valdez, Zamora and the Housing Authority.

Valdez contends in her second cross point that she is entitled to an award as damages because the appeal by the Housing Authority was taken for the purpose of delay and without sufficient cause. We agree.

■ Tex.R.App.P. 84 provides that when it is determined by the court of appeals that the appellant has taken an appeal for delay and without sufficient cause, "if there is no amount of money awarded to the prevailing appellee as damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant." In the case at bar, the total amount of the taxable costs in the trial court is shown to be $205.90.

In determining whether delay damages should be awarded by the court of appeals, we must review the record from the advocate's point of view at the time the appeal was taken to determine if reasonable grounds existed to believe that the case should be reversed. *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied). Further, in reviewing the record from the advocate's perspective, this Court should award damages only if the likelihood of a favorable result was so improbable as to make this appeal an appeal taken for delay and without sufficient cause. We now review the record for the purpose of determining whether an award of damages should be made pursuant to Rule 84.

The affidavit of Hilaria Martinez was signed by her on June 3, 1991, and was filed in Cause No. 90–06–03342–A on June 4, 1991. This was thirty five days after Judge Euresti signed the formal order dismissing Cause No. 90–06–3342–A. As noted above, the Housing Authority stated in its "Motion for Reinstatement and for Trial Setting," which was filed on April 19, 1991, in Cause No. 90–06–03342–A, that "there is currently pending in the 357th Judicial District Court of Cameron County, Texas, a cause of action entitled "RAQUEL VALDEZ VS. HARLINGEN HOUSING AUTHORITY AND ELIAS ZAMORA," a cause of action which involved "the same parties and similar issues in the above entitled and numbered cause of action." The

transcript in this appeal was filed on August 29, 1991. Therefore, at the time when the transcript was filed in this Court, the Housing Authority knew that Valdez, after exhausting her administrative remedies, filed a new suit on January 25, 1991, in the 357th District Court of Cameron County, Texas, which alleged the same complaints against the Housing Authority and Zamora as those alleged by her in Cause No. 90–06–03342–A in the 107th District Court of Cameron County. The taking of the appeal by the Housing Authority from the judgment rendered by the judge of the 107th District Court in Cause No. 90–06–03342–A, in the light of the procedural facts, as stated above, standing alone, is sufficient for us to award damages under Rule 84.

Moreover, as already stated: 1) the Housing Authority does not seek a construction under a deed, will, written contract, or any other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise; it simply pleads for a declaration of its rights and the rights of Valdez and Zamora, two of its employees; 2) the declaratory judgment procedure may not be used by a potential defendant to determine potential tort liability; 3) the Declaratory Judgments Act does not confer new substantive rights upon the parties nor additional jurisdiction on the courts but merely provides a procedural device for determination of controversies which are *already* within the jurisdiction of the courts, and 4) the Declaratory Judgments Act is not available to settle disputes currently pending before a court.

The second cross point is sustained.

### DISPOSITION OF THE APPEAL

The judgment recites that the court is of the opinion that the above cause should be dismissed for want of jurisdiction and abated and it is therefore hereby ORDERED that the above cause is dismissed with prejudice as to defendant Raquel Valdez and Elias Zamora.

The judgment could be construed as dismissing the cause for want of jurisdiction and at the same time abating the cause for

some indefinite period of time. The court could not order the dismissal and at the same time abate the cause. There is no basis for the dismissal with prejudice. Therefore, we reform the judgment of the court below by deleting the words "and abate" and "with prejudice as to defendant Raquel Valdez and Elias Zamora," and affirm the judgment as reformed.

Because we find that the instant appeal was brought for the purpose of delay and without sufficient cause, we award damages in the amount of one thousand dollars ($1,000.00) against the Housing Authority, appellant, and in favor of Raquel Valdez, appellee.

REFORMED, AND AS REFORMED, AFFIRMED.