NUMBER 13-98-290-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RUTILO VARGAS AMARO, Appellant,


v.



TEXAS STATE BANK, Appellee.

____________________________________________________________________


On appeal from the 206th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Rodriguez

Opinion by Justice Hinojosa




 This is an appeal from a declaratory judgment order of the 206th
District Court of Hidalgo County, terminating a trust created under
section 142 of the Texas Property Code and absolving the trustee,
Texas State Bank ("TSB"), the appellee in this case, of all liability in
connection with its handling of the trust. In a single issue, appellant,
Rutilo Vargas Amaro ("Vargas"), the beneficiary of the trust, contends
the trial court erred in granting TSB's motion for declaratory judgment
and absolving TSB of all liability for its handling of the trust when: (a)
TSB filed its declaratory action only after he sent a demand letter
threatening to file suit; (b) his claim for relief had been withdrawn, and
he had filed a notice of nonsuit; (c) TSB was not a party to the original
action and never properly intervened, therefore, its claims for
declaratory relief were not properly before the trial court; (d) the trial
court retained very limited continuing jurisdiction over the trust, and the
Declaratory Judgment Act could not expand the trial court's jurisdiction
to adjudicate his tort claims against TSB; (e) appellant was not legally
before the court because he was never personally served with citation
and because he was not represented by a guardian ad litem; (f) the trial
court did not give him the required 45-days notice of the trial setting of
TSB's suit for declaratory relief; and (g) the trial court improperly
refused his request for a jury trial. We modify the trial court's order and
affirm, as modified.

A. Background


 Vargas was severely burned when he was caught in a sugarcane
field burn-off in 1987. He later filed suit in the 206th District Court, and
on September 13, 1989, he received a substantial settlement. Because
Vargas was found to be incapacitated at the time, the settlement
proceeds were placed in a trust ("Vargas Trust") created by the court
under section 142 of the Texas Property Code. TSB was named trustee. 
On May 6, 1997, Vargas filed in the 206th District Court a Motion to
Terminate Trust and Distribute Funds, claiming he had regained
capacity. TSB contested Vargas's capacity, and numerous hearings,
motions and orders ensued.

 On September 3, 1997, Vargas filed in the 370th District Court of
Hidalgo County a request for "clarification" of the judgment in his
divorce action. An uncontested divorce had been granted by that court
on February 18, 1997, and Vargas was awarded sole custody of his
minor daughter. The next day, September 4, 1997, without a hearing
or introduction of any evidence, the 370th District Court issued an order
stating in part:

The Court now further ORDERS, ADJUDGES and DECREES
that Mr. Rutilo Vargas Amaro is fully capable and possesses
full capacity to make responsible decisions on behalf of
himself and those for whom he has responsibility. The Court
finds that Mr. Rutilo Vargas has regained any capacity that
he allegedly lacked at any time up to the time of the entry of
this Order and that he no longer languishes on any
incapacity that would prevent him from making or
communicating responsible decisions concerning his person
or the person of any minors or other person under his
responsibility. The Court finds that Mr. Vargas is not an
incapacitated person.


 On September 9, 1997, Vargas filed in the 206th District Court a
Motion to Withdraw Amended Motion for Termination of Trust, and the
next day, he filed a Notice of Nonsuit. On September 9, Vargas's
attorneys demanded release of the trust assets in a letter to TSB,
claiming the trust had terminated automatically by operation of law
upon issuance of the 370th District Court's Order. On September 18,
they faxed a notice of intent to sue TSB under the Texas Deceptive
Trade Practices--Consumer Protection Act ("DTPA"). On that same day,
TSB tendered the trust assets to the 206th District Court and filed a
Motion for Declaratory Judgment and for Other Relief asking the 206th
District Court to determine whether the trust had terminated, to
approve the final accounting, and for "such other and further relief, at
law or in equity, to which TSB may be justly entitled." On October 7,
1997, Vargas filed an action against TSB in the 93rd District Court of
Hidalgo County, alleging causes of action for fraud, breach of fiduciary
duty, negligence and breach of the duty of good faith and fair dealing
under the DTPA.

 On March 17, 1998, the 206th District Court issued an "Order
Terminating Trust, Approving Trust Administration, Investment
Philosophy, Accounting, Actions and Fees, and Discharging Trustee
Relating to the Rutilo Vargas Amaro Trust." The order states, in part,
as follows: The Court further finds that it has continuing and
exclusive jurisdiction of the Trust and all matters pertaining
to the Trust including the decision whether or not to
terminate the Trust; . . .


 The Court further finds that TSB, from the date of
inception of the Trust to the date of this order, has properly
and appropriately administered the Trust and complied with
the terms of the trust instrument, the orders of this Court
and the law in all respects. . . .


The order approved all accountings presented by TSB, TSB's
investment philosophy, all distributions, all trustee fees, and all other
fees, costs and expenses paid from the Trust, and ordered that all
attorney's fees, costs and expenses arising in connection with the
termination be recovered from the Vargas Trust. The order further
states:

8. Subject to the payment to Vargas or his nominee as
directed above, the Court discharges TSB as trustee
and releases TSB as trustee from any liability to the
Trust or to Vargas.


TSB transferred the trust assets (worth some $4,500,000) to Vargas's
designated account on March 12, 1998. 

B. Continuing Jurisdiction of 206th District Court Over Vargas Trust



 This appears to be a case of first impression. Section 142.005 of
the Texas Property Code provides for the court-ordered creation of a
trust for proceeds of a judgment accruing to an incapacitated person. 
On May 18, 1989, the 206th District Court considered a Motion to
Establish Trust which requested "the creation of a trust under the
supervision of [the 206th District Court] and the management of the
trust department of Texas State Bank of McAllen." The 206th District
Court issued a decree (the "Decree") finding that Vargas was an
incapacitated person,(1) and that it was in Vargas's best interest that a
trust be created under section 142.005 for the approximately
$3,500,000 accruing to him under the settlement of his tort lawsuit.

 Section 142.005 provides, in relevant part, as follows:

(b) The decree shall provide for the creation of a trust for
the management of the funds for the benefit of . . . the
incapacitated person and for terms, conditions and
limitations of the trust, as determined by the court, that
are not in conflict with the following mandatory
provisions:


* ** * *



 (4) . . . if the beneficiary is an incapacitated person,
the trust terminates on the death of the
beneficiary or when the beneficiary regains
capacity; . . .

 

* * * * *



(d) A trust created under this section may be amended,
modified, or revoked by the court at any time before its
termination . . . .


* * * * *



(f) A trust established under this section prevails over any
other law concerning minors, incapacitated persons, or
their property, and the trust continues in force and
effect until terminated or revoked, notwithstanding the
appointment of a guardian of the estate of the minor or
incapacitated person, or the attainment of the age of
majority by the minor. 


Tex. Prop. Code Ann. § 142.005 (Vernon 1995). Thus, section 142
expressly provides for the continuing jurisdiction of the court that
creates a section 142 trust.

 The Decree also provides for the continuing jurisdiction of the
206th District Court over the Vargas Trust: "It is therefore ORDERED .
. . (2) [t]hat the trust document attached hereto as Exhibit "A" take
effect immediately to remain in full force and effect until further orders
of this Court." The trust document itself also contemplates the
continuing jurisdiction of the creating court. It provides in part:

(9) The Court shall retain the right at any time before the
termination of this trust to amend, alter, modify, or
revoke this trust, in whole or in part, or any provision
thereof, by appropriate action. . . .


(10) If this trust is revoked by the court, the trust principal
and any undistributed income shall be delivered to the
beneficiary after the payment of all proper and
necessary expenses. . . .


(14) The trustee may resign at any time by giving written
notice specifying the effective date of such resignation
to the court. . . 


(17) Should the Texas State Bank resign or refuse to act as
trustee, then and in such event the presiding judge of
the 206th Judicial District Court of Hidalgo County,
Texas, shall appoint another bank in the County of
Hidalgo to act as substitute trustee.


 There can be no doubt that the 206th District Court retained
continuing jurisdiction over the administration of the Vargas Trust, and,
in fact, exercised that jurisdiction several times by approving trustee's
fees, amending the trust, and twice approving disbursement of trust
funds for special needs. Thus, we conclude the 370th District Court's
Order regarding Vargas's capacity was not binding on the 206th District
Court, which maintained continuing jurisdiction over the administration
of the Vargas Trust since its inception in 1989.

 A section 142.005 trust "prevails over any other law concerning
minors, incapacitated persons, or their property." Tex. Prop. Code Ann.
§ 142.005(f) (Vernon 1995). Therefore, we must look first to section
142 to determine the scope and nature of the creating court's
continuing jurisdiction over this type of trust. The court is given very
specific powers under section 142:

-- the power to determine incapacity; Tex. Prop. Code
Ann. § 142.005(a)(Vernon 1995);


-- the power to create the trust consistent with the
mandatory provisions; Tex. Prop. Code Ann. §
142.005(b) (Vernon 1995); Aguilar v. Garcia, 880
S.W.2d 279 (Tex. App.--Houston [14th Dist.] 1994,
orig. proceeding) (a trial court does not have discretion
to limit the mandatory power given to the trustee under
section 142.005(b)(2));


-- the power to choose the trustee; Tex. Prop. Code Ann.
§ 142.005(a) (Vernon 1995);


-- the power to approve trustee's fees; Tex. Prop. Code
Ann. § 142.005(b)(6) (Vernon 1995);


-- the power to amend, modify, or revoke the trust; Tex.
Prop. Code Ann. § 142.005(d) (Vernon 1995);


-- the power to provide for the management of the trust
principal and any undistributed income if the trust is
revoked before a minor beneficiary reaches age 18; Tex.
Prop. Code Ann. § 142.005(d) (Vernon 1995); and


-- the power to order a claim of interest in the trust
property to be paid to the person entitled to receive it;
Tex. Prop. Code Ann. § 142.006 (Vernon 1995).


The trust document itself specifically reserves the power of the court to
approve trustee's fees; to amend, alter, modify or revoke the trust; to
receive written notice of the trustee's resignation; and to appoint a
successor trustee. 

 The Texas Trust Code contains provisions for a court's general
jurisdiction over matters relating to trusts:

A trust terminates if by its terms the trust is to continue only
until the expiration of a certain period or until the happening
of a certain event and the period of time has elapsed or the
event has occurred.


Tex. Prop. Code Ann. § 112.052 (Vernon 1995). Section 112.054
provides for judicial termination of a trust upon petition by either the
trustee or the beneficiary if the purposes of the trust have been fulfilled
or have become illegal or impossible to fulfill. Tex. Prop. Code Ann. §
112.054(a)(1) (Vernon 1995). As the Amarillo Court of Appeals noted
in a recent case involving a trust created under the Texas Family Code
for a minor beneficiary, "[T]he termination of the entity and distribution
of its corpus is but one more step in the administration of the trust." 
Bailey v. Bailey, 987 S.W.2d 206, 213 n. 5 (Tex. App.--Amarillo 1999,
no pet.).

 We hold that the 206th District Court retained continuing
jurisdiction over the Vargas Trust only as to those powers authorized
the court by sections 112 and 142 of the Texas Property Code, the
Decree, and the trust document, including the power to terminate the
Vargas Trust.

C. The Nonsuit


 At any time before the plaintiff has introduced all of his evidence
other than rebuttal evidence, the plaintiff may dismiss a case, or take a
nonsuit. Tex. R. Civ. P. 162. Generally, a plaintiff's right to a nonsuit is
unqualified and absolute as long as the defendant has not made a claim
for affirmative relief. Tex. R. Civ. P. 162; In re Max Bennett, 960 S.W.2d
35, 38 (Tex. 1997); Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853,
854 (Tex. 1995); BHP Petroleum Co. Inc. v. Millard, 800 S.W.2d 838,
840 (Tex. 1990); Greenberg v. Brookshire, 640 S.W.2d 870, 871 (Tex.
1982); Zimmerman v. Ottis, 941 S.W.2d 259, 261 (Tex. App.--Corpus
Christi 1996, no writ); Strawder v. Thomas, 846 SW.2d 51, 59 (Tex.
App.--Corpus Christi 1992, no writ). 

 Here, Vargas, relying on the 370th District Court's Order, filed a
Notice of Nonsuit in his trust termination action in the 206th District
Court, asserting that the Vargas Trust had terminated "by operation of
law" upon a finding by the 370th District Court of his capacity. 
Because TSB had no claims for affirmative relief pending on that date,
Vargas's nonsuit effectively ended his action for termination. However,
we hold the nonsuit had no effect on the 206th District Court's
continuing jurisdiction over the administration of the Vargas Trust.

D. The Declaratory Judgment Action


 TSB, understandably confused as to whether or not the trust had
terminated, filed a motion for declaratory relief asking for a
determination of that issue and others. TSB served the motion on both
of Vargas's attorneys of record. The Texas Declaratory Judgment Act
provides that: 

A person interested as or through an executor,
administrator, trustee, guardian, or other fiduciary, creditor,
devisee, legatee, heir, next of kin, or cestui que trust in the
administration of a trust or of the estate of a decedent, an
infant, mentally disabled person, or insolvent may have a
declaration of rights or legal relations in respect to the trust
or estate: . . . .


(3) to determine any question arising in the administration
of the trust or estate, including questions of
construction of wills and other writings.


Tex. Civ. Prac. & Rem. Code Ann. § 37.005 (Vernon 1997). Therefore,
TSB, as trustee of the Vargas Trust, had the right to petition the court
of continuing jurisdiction for a determination of whether the trust had
terminated.

 Section 142 and the trust document provide that the trust shall
terminate when the beneficiary regains capacity. However, the Decree
states that the trust shall remain in effect "until further orders from this
Court." None of these sources provides a procedure for determining
whether the beneficiary has regained capacity. Under the
circumstances, ascertaining whether termination of the Vargas Trust
had occurred was a question of construction of the trust document and
Decree, and was, therefore, a proper subject for a declaratory judgment
action.

 Vargas now contests the validity of this action, claiming that TSB
is not a proper party because it never intervened in the original lawsuit,
and that he was never properly before the court in this action because
he was not personally served and never had a guardian ad litem
appointed to protect his interests. We conclude, however, that these
arguments are spurious. Vargas, of course, was a plaintiff in the
original suit. We have already held that the 206th District Court had
continuing jurisdiction over the administration of the Vargas Trust. 
Because TSB agreed to serve as trustee of the Vargas Trust, it
submitted itself to the continuing jurisdiction of the 206th District Court. 
Furthermore, on at least four prior occasions, without objection from
Vargas or his attorneys, TSB petitioned the 206th District Court on
matters relating to administration of the Vargas Trust. Because both
parties to the declaratory action were already before the 206th District
Court, we conclude that neither intervention by TSB, nor personal
service on Vargas, was required.

 As to Vargas's claim that a guardian ad litem should have been
appointed in the declaratory judgment action, we find no error in the
trial court's failure to do so. The Texas Trust Code provides that "[a]t
any point in a proceeding a court may appoint a guardian ad litem to
represent the interest of a minor, an incapacitated, unborn, or
unascertained person, or person whose identity or address is unknown,
if the court determines that representation of the interest would
otherwise be inadequate." Tex. Prop. Code Ann. § 155.014(a) (Vernon
1995) (emphasis added); cf., Tex. Prop. Code Ann. § 155.014(b) (Vernon
1995) (a court shall appoint a guardian ad litem to defend an action
under section 114.038 of this Act for a beneficiary of the trust who is
a minor or who has been adjudged incompetent) (emphasis added). We
find no abuse of discretion in the trial court's failure to appoint a
guardian ad litem, especially in light of the fact that Vargas was
represented by counsel and was contending that he had regained the
capacity to manage his own assets.

E. Permissible Scope of the Declaratory Judgment Action


 The Declaratory Judgment Act cannot enlarge a court's
jurisdiction. It merely provides a procedural device for determination of
controversies already within the jurisdiction of the court. In the Interest
of M.M.O., 981 S.W.2d 72, 82 (Tex. App.--San Antonio 1998, no writ);
Housing Auth. v. Valdez, 841 S.W.2d 860, 864 (Tex. App.--Corpus
Christi 1992, writ denied). Furthermore, the declaratory procedure may
not be used by a potential defendant to determine tort liability. Abor v.
Black, 695 S.W.2d 564, 566 (Tex. 1985); Stein v. First Nat'l Bank, 950
S.W.2d 172, 174 (Tex. App.--Austin 1997, no writ); Valdez, 841 S.W.2d
at 865; KMS Research Laboratories, Inc. v. Willingham, 629 S.W.2d
173, 174 (Tex. App.--Dallas 1982, no writ). While the Act appears to
give courts jurisdiction over the declaration of non-liability of a potential
defendant in a tort action, use of the Act in this fashion would deprive
the real plaintiff of the traditional right to choose the time and place of
his suit. Abor, 695 S.W.2d at 566.

F. Conclusion


 We hold that TSB's declaratory action was proper only as to those
matters relating to the trust administration powers specifically given to
the court by section 142 and the trust documents. In other words, the
206th District Court had continuing jurisdiction: (1) to determine
whether Vargas had regained capacity; (2) to terminate the Vargas
Trust; (2) to approve trustee's fees; (3) to approve the final accounting;
(4) to order that attorney's fees, costs and expenses relating to the
termination of the trust be paid out of the Vargas Trust; and (5) to grant
the trustee permission to resign.

 We hold that the 206th District Court did not have jurisdiction: (1)
to absolve TSB from any liability to Vargas or the Vargas Trust; (2) to
approve TSB's investment philosophy, or (3) to approve all distributions,
fees, costs and expenses paid by TSB from the Vargas Trust, except the
attorney's fees, costs and expenses relating to the termination of the
trust.

 We sustain appellant's sole point of error. In light of our
disposition, it is not necessary to address Vargas's claims of improper
notice of trial setting and improper denial of trial by jury. Tex. R. App. P.
47.1.

 We modify the trial court's order by deleting those parts of the
order: (1) absolving Texas State Bank from any liability to Rutilo Vargas
Amaro or the "Vargas Trust;" (2) approving Texas State Bank's
investment philosophy; and (3) approving all distributions, fees, costs
and expenses paid by Texas State Bank from the "Vargas Trust," except
the attorney's fees, costs and expenses relating to the termination of
the trust.

 As modified, the trial court's order is affirmed.



 FEDERICO G. HINOJOSA

 Justice


Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. "For purposes of this chapter, 'incapacitated person' means a person who is
impaired because of mental illness, mental deficiency, physical illness or disability,
advanced age, chronic use of drugs, chronic intoxication, or any other cause except
status as a minor to the extent that the person lacks sufficient understanding or
capacity to make or communicate responsible decisions concerning his person." Tex.
Prop. Code Ann. § 142.007 (Vernon 1995).