Rita MOSS, Petitioner,

v.

H. R. FENDER, Respondent.

No. C–1210.

Supreme Court of Texas.

July 14, 1982.

Rehearing Denied Sept. 22, 1982.

John Wright, Grand Prairie, for petitioner.

C. Sidney McClain, Dallas, for respondent.

PER CURIAM.

This cause arose out of a bill of review wherein Rita Moss sought to have set aside the judgment, order of sale and sheriff's deed in a delinquent ad valorem tax suit. The underlying suit was brought against Rush Properties for the delinquent taxes upon which the State took a default judgment. Prior to the State's taking its default judgment on August 26, 1976, the property was conveyed to two successive grantees. Subsequent to the default judgment, the property was conveyed to Moss on March 31, 1978. The deed conveying the property to Moss contained a provision that made Moss responsible for the taxes on the property and for any outstanding lien on the land. On November 8, 1978, H. R. Fender took the property by way of sheriff's sale and deed. On November 21, 1980, Moss was served with a writ of possession whereupon she filed her bill of review on November 27, 1980. Moss moved for summary judgment, which was granted on March 26, 1981. Fender filed no motion for summary judgment or motion in opposition to Moss' motion for summary judgment, but did file a controverting affidavit.

 The court of appeals reversed the judgment and remanded the cause to the trial court. 629 S.W.2d 192. The court of appeals held that Moss failed to allege or prove by summary judgment evidence that she was neither negligent nor guilty of a lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming the property under Tex.Rev. Civ.Stat.Ann. art. 7345b § 12. In this we concur. The court of appeals, however, went further and held that Moss' pleadings, motion and proof established as a matter of law her negligence and lack of diligence in preventing the execution of the order of sale in the tax suit and in redeeming the property under state law. This question was not before the court of appeals, because Fender did not move for summary judgment. See, Tex.R.Civ.Pro. 166–A. Because this question was not properly before the court of appeals, it erred in deciding the issue. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958).

Application for writ of error is refused, no reversible error.