Elizabeth Ann Margaret AGUILAR, through her next friend Estelle Aguilar; Megan Ballard, through her next friend Dennis Ballard; Kelley Finley, Scott Finley, and Whitney Finley through their next friends James and Cheryl Finley; Patrick Loredo through his next friend Frank Loredo; Christopher McEntire and Jonathan McEntire through their next friend Robert McEntire; Robert Cameron Mitchell through his next friend Robert Mitchell; Anthony Nguyen, Danny Nguyen, and Francis Nguyen through their next friend Nguyen Dinh Nguyen; and Vishal Thaker through his next friends Mrugesh and Nayana Thaker, Relators,

v.

The Honorable Carolyn Clause GARCIA, Respondent.

No. C14–94–00486–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1994.

Don Weitinger, Houston, for relators.

Dana G. Kirk, Houston, for respondent.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This original proceeding presents the issue of whether a trial court may place restrictions on trusts sought to be established for the benefit of minor plaintiffs under section 142 of the Texas Property Code. TEX.PROP. CODE ANN. § 142.001–.007 (Vernon 1984). Relators, thirteen minor plaintiffs in a toxic tort suit, by and through their guardian ad litem, Don Weitinger, bring this mandamus against respondent, the Honorable Carolyn Clause Garcia, Judge of the 151st Judicial District Court of Harris County, Texas. We conditionally grant the writ.

In the underlying suit, relators and other minor plaintiffs received settlements for present and potential future medical expenses as a result of exposure to toxic wastes at the Brio site in southeastern Harris County. The initial installments of the settlements were placed in the registry of the court, and additional payments are due from the settling defendants in 1995 and 2000.

Relators sought to have the funds removed from the registry of the court and placed in section 142 trusts. In a hearing on October 2, 1993, respondent granted the guardian ad litem's motion to transfer funds from the registry of the court to section 142 trusts, finding that the transfer would be in the best interest of the minor children. Respondent conditioned authorization of these trusts, however, on modification of the trust instruments, limiting withdrawals from the trust to use for medical purposes in situations where the parents have no other means to pay for the required medical care.

On October 8, 1993, another hearing was held to ask that respondent reconsider the original order authorizing the trusts. The relators presented the testimony of Dennis Nelson, a trust officer of Charter National Bank, the organization chosen to be trustee of the section 142 trusts. Mr. Nelson testified that his institution was unwilling to accept the trusts with the restrictions the trial court placed on the trustee. Counsel for Charter National Bank, Jay Houren, also testified that he advised the bank that section 142 trusts must follow the exact terms of the statute, and restrictions outside the express language of the statute might make the trusts improper. At the conclusion of the hearing, respondent denied the motion to approve the trusts with full statutory powers, and authorized the trusts with the court's restrictions on access to the funds, in pertinent part as follows:

> The Trustee shall pay to or apply for the benefit of the Beneficiary such amounts out of the net income and principal (if income is insufficient) of the Trust as are reasonably necessary in the sole discretion of the Trustee to provide for the health needs of the Beneficiary when it is demonstrated that the parents have no resources available, such as insurance, or other means to provide for the medical needs of the child. . . .

Respondent added that when "the minor reaches the age of 18 years, the Trustee may apply the proceeds of the trust for all purposes as provided in Texas Property Code, Section 142.005."

Section 142.005 provides in relevant part as follows:

> (a) In a suit in which a minor who has no legal guardian . . . is represented by a

next friend or an appointed guardian ad litem, the court may, on application by the next friend or the guardian ad litem and on finding that the creation of a trust would be in the best interests of the minor ..., enter a decree in the record directing the clerk to deliver any funds accruing to the minor ... under the judgment to a trust company or a state or national bank having trust powers in this state.

(b) The decree shall provide for the creation of a trust for the management of the funds for the benefit of the minor ... and for terms, conditions, and limitations of the trust, as determined by the court, *that are not in conflict with the following mandatory provisions:*

\* \* \* \* \* \*

*(2) the trustee may disburse amounts of the trust's principal, income, or both as the trustee in his sole discretion determines to be reasonably necessary for the health, education, support, or maintenance of the beneficiary;* ....

TEX.PROP.CODE ANN. § 142.005 (Vernon 1984) (emphasis added).

■■■ Mandamus will issue only to correct a clear abuse of discretion or to correct the violation of a duty imposed by law when there is no other adequate remedy at law. *Transamerican Natural Gas Corp. v. Flores,* 870 S.W.2d 10, 12 (Tex.1994); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). The trial court does not have discretion in determining what the law is and how it should be applied to the facts. *Walker,* 827 S.W.2d at 840. The clear language of the statute requires that the trustee have the sole discretion to determine what is reasonably necessary for the health, education, support, or maintenance of the beneficiary. TEX.PROP. CODE ANN. § 142.005(b)(2) (Vernon 1984). The statute also clearly states that this provision is *mandatory.*[1] Even though the trial judge's motives were laudable, she did not have discretion to limit the mandatory powers given to the trustee. We hold that the express terms in section 142.005(b)(2) are mandatory and the trial court abused its discretion by requiring conflicting modifications to the trust instrument.

■■■ Even where there is an abuse of discretion, relators must show there is no adequate remedy by ordinary means, such as appeal. *Walker,* 827 S.W.2d at 839. Respondent's order requiring the trusts to be established with provisions in conflict with the mandatory requirements in section 142 is a non-appealable order because the trial court has continuing jurisdiction over the funds in the registry of the court for each minor plaintiff until the minor reaches age 25. Respondent determined that transfer of the funds in the registry of the court to trusts for the benefit of the minors is in their best interests. Relators established that their chosen trustee, selected because of its reasonable fees, refused to act on advice of counsel. We find that mandamus is relators' only proper remedy.

We conditionally grant the mandamus relief requested by relators. The writ will issue only if respondent should fail or refuse to enter an order authorizing the trusts with the trustee having full statutory powers in

---

1. We note that the legislative history of this statute shows the original enactment used the mandatory term "shall" and provided in relevant part:

[A]ny decree establishing such a trust estate [for a minor plaintiff recovering a judgment] *shall* contain the following trust provisions, in addition to such other terms, provisions, conditions, or limitations not inconsistent therewith as may be established by the court:

\* \* \* \* \* \*

(b) *the trustee shall be authorized to disburse such amounts of the corpus, income, or both, of the trust as may be reasonably necessary in the sole discretion of the trustee to provide for the*

*health, education, support, or maintenance of the beneficiary.*
Act effective Aug. 27, 1979, 66th Leg., R.S., ch. 713, § 33, 1979 Tex.Gen.Laws 1761, 1762, *repealed by* Act effective Jan. 1, 1984, 68th Leg., R.S., ch. 576, § 6, 1983 Tex.Gen.Laws 3729 (enacting the Property Code) (emphasis added). The codification of this provision made only nonsubstantive revisions, as noted by the Texas Legislative Council, which was created and empowered by TEX.GOV'T CODE ANN. § 323.001–.016 (Vernon 1988). The Government Code provides that in revising a statute for codification, the legislative council "may not alter the sense, meaning, or effect of the statute." TEX.GOV'T CODE ANN. § 323.007(b) (Vernon 1988).

compliance with section 142.005 and in accordance with this opinion.