TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00635-CV






Dennis Stein and Art Stein d/b/a Dennis and Art Stein


Real Estate Joint Venture, Appellants



v.



First National Bank of Bastrop, Appellee







FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 21-896, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






PER CURIAM

 Appellants Dennis Stein and Art Stein d/b/a Dennis and Art Stein Real Estate Joint Venture
(the Venture) appeal from a summary judgment in favor of First National Bank of Bastrop (the Bank) in
a suit over a loan. We will reverse the trial-court judgment.


Background


 On April 1, 1996, the Bank sued the Venture in Bastrop County for the balance due under
a real estate lien note, attorney's fees and costs. On April 18, 1996, the Venture sued in Bexar County
based on various allegations of misconduct on the Bank's part. The Bexar County court dismissed the
Venture's suit because of the Bank's previously filed Bastrop County suit. The Venture paid the Bank its
demands and moved to dismiss the Bank's suit. The Bank then amended its pleadings to seek a
declaratory judgment of nonliability for any actions taken in connection with the transaction evidenced by
the March 1, 1995 note. The Bank moved for summary judgment. The Venture opposed summary
judgment on the basis that there was no justiciable controversy to decide and that a determination of
nonliability was improper. As part of its summary judgment evidence, the Venture's affidavit swore that
its Bexar County suit had been dismissed and it had no present intent to re-file the suit due to the ill health
of one of its partners. The court granted the Bank's motion for summary judgment and rendered a
declaratory judgment of nonliability.

 The Venture brings three points of error, contending that the trial court erred in granting
a declaratory judgment that the bank has no liability for its conduct in connection with the note because a
declaratory judgment cannot be used to establish nonliability of a potential defendant in a tort action;
because the declaration could not resolve any case or controversy; and, in the alternative, the declaration
was overbroad. We will reverse the trial-court judgment.


Declaratory Judgment Principles


Declaration of Non-Liability

 In general, a potential defendant may not use a declaratory judgment to determine potential
tort liability. Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985); Housing Authority v. Valdez, 841
S.W.2d 860, 865 (Tex. App.--Corpus Christi 1992, writ denied); Texas Elec. Utils. Co. v. Rocha, 762
S.W.2d 275, 276 (Tex. App.--El Paso 1988, writ denied); K.M.S. Research Laboratories, Inc. v.
Willingham, 629 S.W.2d 173, 174 (Tex. App.--Dallas 1982, no writ); see also Martinez v. Corpus
Christi Area Teachers Credit Union, 758 S.W.2d 946, 951 (Tex. App.--Corpus Christi 1988, writ
denied). (1)

 In Abor, one defendant filed a declaratory judgment action in Bell County seeking a
declaration of nonliability. The plaintiff then refiled in Harris County a previously filed, removed, and
dismissed suit and filed a plea in abatement in Bell County, contending that suit was an improper use of the
Declaratory Judgments Act (the Act). Abor, 695 S.W.2d 565. Because the Act is a uniform act, the
Texas Supreme Court analyzed litigation from other jurisdictions and concluded that the use of declaratory
judgments to determine a potential defendant's nonliability was impermissible. Id. at 566. The basic
rationale was that the Act was not intended to deprive the potential plaintiffs of the right to decide whether,
when, and where to sue. Id.; see also K.M.S., 629 S.W.2d 174 (counterclaim for declaration of
nonliability improper).


Real Controversy

 A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights
and status of the parties and the declaration will resolve the controversy. Bonham State Bank v. Beadle,
907 S.W.2d 465, 467 (Tex. 1995); Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d
440, 446 (Tex. 1993). There must be a real and substantial controversy involving a genuine conflict of
tangible interests and not merely a theoretical dispute. Bonham, 907 S.W.2d at 467; Southwest Airlines
Co. v. Texas High-Speed Rail Auth., 863 S.W.2d 123, 125 (Tex. App.--Austin 1993, writ denied);
Sub-Surface Constr. Co. v. Bryant-Currington, Inc., 533 S.W.2d 452, 456 (Tex. App.--Austin 1976,
writ ref'd n.r.e.).

 In Peacock v. Schroeder, 846 S.W.2d 905 (Tex. App.--San Antonio 1993, no writ),
Peacock sought a declaratory judgment that, among other things, an oil and gas lease denied Schroeder
the right to put oil field equipment on Peacock's property. Before trial, Schroeder moved the oil field
equipment off Peacock's land. Peacock prevailed on his claim concerning the equipment's location but
not on any others. Id. at 912. The trial court awarded all attorney's fees under the Act to Schroeder. 
Peacock argued that because he had prevailed on part of his suit, the court should award him attorney's
fees as well. Schroeder argued that because Peacock prevailed only on a moot point, he should not be
awarded any fees. Id.

 The court noted that a prerequisite to the declaratory judgment process is a real
controversy between the parties that the declaration will actually determine; it must not be a contingent or
hypothetical situation. Schroeder voluntarily moved the equipment before trial. There was no indication
that he was threatening to move the equipment back. That he someday might, and that if he did, Peacock
might have to file another lawsuit, did not suffice to ripen the controversy. Id. The trial court did not abuse
its discretion in failing to award attorney's fees to Peacock because he prevailed only on a moot point. Id.


Application


 In its brief, the Bank contends that the Venture's response to the motion for summary
judgment raised only the justiciability issue and that the Venture raises for the first time on appeal the
argument about the impropriety of a declaration of nonliability. The Venture's response to the motion for
summary judgment stated that the court could not properly determine nonliability as to all possible claims. 
The Venture did not specifically include the words "tort" or, in that sentence, specifically state that a
declaratory judgment was improper, but the response was made in the context of a motion for summary
judgment based on pleadings for a declaratory judgment. We think the Venture's response adequately
raised the issues it argues on appeal.

 The Bank further contends that the Venture's claims or potential claims are contract claims,
not tort claims. A review of the Venture's original Bexar County petition shows that the Venture alleged
facts about the Bank's conduct and the contractor who was building the building that the loan financed. 
The Venture definitely alleged fraud, and the facts alleged might support other causes, such as conspiracy. 
The Venture's complaints are not just about the Bank's conduct with regard to the note itself, but also the
Bank's conduct during the building's construction and possibly the Bank's relationship with the party
constructing the building. We think the Venture raised tort claims in its dismissed Bexar County suit.

 In this cause, the declaratory judgment runs afoul of two principles: a declaratory judgment
may not be used for a declaration of nonliability and a declaratory judgment must decide a real controversy. 
The Venture's dismissed Bexar County lawsuit raised claims about allegedly tortious conduct by the Bank,
which brings the Venture under the rule of Abor v. Black.

 Further, the Venture introduced summary judgment evidence that its lawsuit against the
Bank had been dismissed. Although the Venture would not sign the Bank's requested release from liability,
it presented affidavit evidence that it did not contemplate resumption of the Bexar County litigation because
of the ill health of one of the partners. As in Peacock v. Schroeder, the mere possibility that it might refile
and that the Bank would be involved in another lawsuit is not enough to ripen the controversy, even
assuming that the Bank could seek a declaration of nonliability. (2)

 We sustain points of error one and two. Because of our disposition of these points, we
need not discuss whether the declaration was overbroad

 We will reverse the trial court judgment and remand for further proceedings not contrary
to this opinion. (3)


Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: July 24, 1997

Publish

1. Cf. Hartman v. Sirgo Operating, Inc., 863 S.W.2d 764, 767 (Tex. App.--El Paso 1993, writ
denied) ("preemptive" filing for declaration of nonliability disallowed in tort cases, in which only a plaintiff
may seek redress for a tort; in a contract case, either party may breach and either may sue for judicial
determination of rights under the contract).
2. Of course, the Venture's ability to bring future litigation would be limited by the applicable
statutes of limitation. The Bank would not be exposed to an indefinite period of liability.
3. See Moss v. Fender, 637 S.W.2d 922, 923 (Tex. 1982) (question whether party opposing
summary judgment motion was entitled to judgment was not before court of appeals when that party did
not move for summary judgment).


ion
that he was threatening to move the equipment back. That he someday might, and that if he did, Peacock
might have to file another lawsuit, did not suffice to ripen the controversy. Id. The trial court did not abuse
its discretion in failing to award attorney's fees to Peacock because he prevailed only on a moot point. Id.


Application


 In its brief, the Bank contends that the Venture's response to the motion for summary
judgment raised only the justiciability issue and that the Venture raises for the first time on appeal the
argument about the impropriety of a declaration of nonliability. The Venture's response to the motion for
summary judgment stated that the court could not properly determine nonliability as to all possible claims. 
The Venture did not specifically include the words "tort" or, in that sentence, specifically state that a
declaratory judgment was improper, but the response was made in the context of a motion for summary
judgment based on pleadings for a declaratory judgment. We think the Venture's response adequately
raised the issues it argues on appeal.

 The Bank further contends that the Venture's claims or potential claims are contract claims,
not tort claims. A review of the Venture's original Bexar County petition shows that the Venture alleged
facts about the Bank's conduct and the contractor who was building the building that the loan financed. 
The Venture definitely alleged fraud, and the facts alleged might support other causes, such as conspiracy. 
The Venture's complaints are not just about the Bank's conduct with regard to the note itself, but also the
Bank's conduct during the building's construction and possibly the Bank's relationship with the party
constructing the building. We think the Venture raised tort claims in its dismissed Bexar County suit.

 In this cause, the declaratory judgment runs afoul of two principles: a declaratory judgment
may not be used for a declaration of nonliability and a declaratory judgment must decide a real controversy. 
The Venture's dismissed Bexar County lawsuit raised claims about al