**Rutilo Vargas AMARO, Appellant,**

v.

**TEXAS STATE BANK, Appellee.**

**No. 13–98–290–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 2000.

Rehearing Overruled Oct. 12, 2000.

Benjamin L. Hall, III, Kathleen P. McCartan, Elizabeth B. Hawkins, O'Quinn & Laminack, Houston, Jennifer Bruch Hogan, Hogan, Dubose & Townsend, Houston, Russell Stanley Post, Houston, for Appellant.

Gary L. Gurwitz, Lisa D. Powell, Charles C. Murray, Morris Atlas, Atlas & Hall, McAllen, for Appellee.

Before Chief Justice SEERDEN and Justices HINOJOSA and RODRIGUEZ.

# OPINION

Opinion by Justice HINOJOSA.

This is an appeal from a declaratory judgment order of the 206th District Court of Hidalgo County, terminating a trust created under section 142 of the Texas Property Code and absolving the trustee, Texas State Bank ("TSB"), the appellee in this case, of all liability in connection with its handling of the trust. In a single issue, appellant, Rutilo Vargas Amaro ("Vargas"), the beneficiary of the trust, contends the trial court erred in granting TSB's motion for declaratory judgment and absolving TSB of all liability for its handling of the trust when: (a) TSB filed its declaratory action only after he sent a demand letter threatening to file suit; (b) his claim for relief had been withdrawn, and he had filed a notice of nonsuit; (c) TSB was not a party to the original action and never properly intervened, therefore, its claims for declaratory relief were not properly before the trial court; (d) the trial court retained very limited continuing jurisdiction over the trust, and the Declaratory Judgment Act could not expand the trial court's jurisdiction to adjudicate his tort claims against TSB; (e) appellant was not legally before the court because he was never personally served with citation and because he was not represented by a guardian ad litem; (f) the trial court did not give him the required 45–days notice of the trial setting of TSB's suit for declaratory relief; and (g) the trial court improperly refused his request for a jury trial. We modify the trial court's order and affirm, as modified.

## A. *Background*

Vargas was severely burned when he was caught in a sugarcane field burn-off in 1987. He later filed suit in the 206th District Court, and on September 13, 1989, he received a substantial settlement. Because Vargas was found to be incapacitated at the time, the settlement proceeds were placed in a trust ("Vargas Trust") created by the court under section 142 of the Texas Property Code. TSB was named trustee. On May 6, 1997, Vargas filed in the 206th District Court a Motion to Terminate Trust and Distribute Funds, claiming he had regained capacity. TSB contested Vargas's capacity, and numerous hearings, motions and orders ensued.

On September 3, 1997, Vargas filed in the 370th District Court of Hidalgo County a request for "clarification" of the judgment in his divorce action. An uncontested divorce had been granted by that court on February 18, 1997, and Vargas was awarded sole custody of his minor daughter. The next day, September 4, 1997, without a hearing or introduction of any evidence, the 370th District Court issued an order stating in part:

> The Court now further ORDERS, ADJUDGES and DECREES that Mr. Rutilo Vargas Amaro is fully capable and possesses full capacity to make responsible decisions on behalf of himself and those for whom he has responsibility. The Court finds that Mr. Rutilo Vargas has regained any capacity that he allegedly lacked at any time up to the time of the entry of this Order and that he no longer languishes on any incapacity that would prevent him from making or communicating responsible decisions concerning his person or the person of any minors or other person under his responsibility. The Court finds that Mr. Vargas is not an incapacitated person.

On September 9, 1997, Vargas filed in the 206th District Court a Motion to Withdraw Amended Motion for Termination of Trust, and the next day, he filed a Notice of Nonsuit. On September 9, Vargas's attorneys demanded release of the trust assets in a letter to TSB, claiming the

trust had terminated automatically by operation of law upon issuance of the 370th District Court's Order. On September 18, they faxed a notice of intent to sue TSB under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). On that same day, TSB tendered the trust assets to the 206th District Court and filed a Motion for Declaratory Judgment and for Other Relief asking the 206th District Court to determine whether the trust had terminated, to approve the final accounting, and for "such other and further relief, at law or in equity, to which TSB may be justly entitled." On October 7, 1997, Vargas filed an action against TSB in the 93rd District Court of Hidalgo County, alleging causes of action for fraud, breach of fiduciary duty, negligence and breach of the duty of good faith and fair dealing under the DTPA.

On March 17, 1998, the 206th District Court issued an "Order Terminating Trust, Approving Trust Administration, Investment Philosophy, Accounting, Actions and Fees, and Discharging Trustee Relating to the Rutilo Vargas Amaro Trust." The order states, in part, as follows:

> The Court further finds that it has continuing and exclusive jurisdiction of the Trust and all matters pertaining to the Trust including the decision whether or not to terminate the Trust; ...

> The Court further finds that TSB, from the date of inception of the Trust to the date of this order, has properly and appropriately administered the Trust and complied with the terms of the trust instrument, the orders of this Court and the law in all respects....

The order approved all accountings presented by TSB, TSB's investment philosophy, all distributions, all trustee fees, and all other fees, costs and expenses paid

from the Trust, and ordered that all attorney's fees, costs and expenses arising in connection with the termination be recovered from the Vargas Trust. The order further states:

> 8. Subject to the payment to Vargas or his nominee as directed above, the Court discharges TSB as trustee and releases TSB as trustee from any liability to the Trust or to Vargas.

TSB transferred the trust assets (worth some $4,500,000) to Vargas's designated account on March 12, 1998.

### B. Continuing Jurisdiction of 206th District Court Over Vargas Trust

■ This appears to be a case of first impression. Section 142.005 of the Texas Property Code provides for the court-ordered creation of a trust for proceeds of a judgment accruing to an incapacitated person. On May 18, 1989, the 206th District Court considered a Motion to Establish Trust which requested "the creation of a trust under the supervision of [the 206th District Court] and the management of the trust department of Texas State Bank of McAllen." The 206th District Court issued a decree (the "Decree") finding that Vargas was an incapacitated person,[1] and that it was in Vargas's best interest that a trust be created under section 142.005 for the approximately $3,500,000 accruing to him under the settlement of his tort lawsuit.

Section 142.005 provides, in relevant part, as follows:

> (b) The decree shall provide for the creation of a trust for the management of the funds for the benefit of ... the incapacitated person and for terms, conditions and limitations of

---

1. "For purposes of this chapter, 'incapacitated person' means a person who is impaired because of mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, or any other cause except status as a minor to the extent that the person lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person." TEX. PROP CODE ANN. § 142.007 (Vernon 1995).

the trust, as determined by the court, that are not in conflict with the following mandatory provisions:

\* \* \* \* \*

(4) ... if the beneficiary is an incapacitated person, the trust terminates on the death of the beneficiary or when the beneficiary regains capacity; ...

\* \* \* \* \*

(d) A trust created under this section may be amended, modified, or revoked by the court at any time before its termination....

\* \* \* \* \*

(f) A trust established under this section prevails over any other law concerning minors, incapacitated persons, or their property, and the trust continues in force and effect until terminated or revoked, notwithstanding the appointment of a guardian of the estate of the minor or incapacitated person, or the attainment of the age of majority by the minor.

TEX. PROP.CODE ANN. § 142.005 (Vernon 1995). Thus, section 142 expressly provides for the continuing jurisdiction of the court that creates a section 142 trust.

The Decree also provides for the continuing jurisdiction of the 206th District Court over the Vargas Trust: "It is therefore ORDERED ... (2)[t]hat the trust document attached hereto as Exhibit "A" take effect immediately to remain in full force and effect until further orders of this Court." The trust document itself also contemplates the continuing jurisdiction of the creating court. It provides in part:

(9) The Court shall retain the right at any time before the termination of this trust to amend, alter, modify, or revoke this trust, in whole or in part, or any provision thereof, by appropriate action....

(10) If this trust is revoked by the court, the trust principal and any undistributed income shall be delivered to the beneficiary after the payment of all proper and necessary expenses....

(14) The trustee may resign at any time by giving written notice specifying the effective date of such resignation to the court ...

(17) Should the Texas State Bank resign or refuse to act as trustee, then and in such event the presiding judge of the 206th Judicial District Court of Hidalgo County, Texas, shall appoint another bank in the County of Hidalgo to act as substitute trustee.

There can be no doubt that the 206th District Court retained continuing jurisdiction over the administration of the Vargas Trust, and, in fact, exercised that jurisdiction several times by approving trustee's fees, amending the trust, and twice approving disbursement of trust funds for special needs. Thus, we conclude the 370th District Court's Order regarding Vargas's capacity was not binding on the 206th District Court, which maintained continuing jurisdiction over the administration of the Vargas Trust since its inception in 1989.

A section 142.005 trust "prevails over any other law concerning minors, incapacitated persons, or their property." TEX. PROP.CODE ANN. § 142.005(f) (Vernon 1995). Therefore, we must look first to section 142 to determine the scope and nature of the creating court's continuing jurisdiction over this type of trust. The court is given very specific powers under section 142:

— the power to determine incapacity; TEX. PROP.CODE ANN. § 142.005(a)(Vernon 1995);

— the power to create the trust consistent with the mandatory provisions; TEX. PROP.CODE ANN. § 142.005(b) (Vernon 1995); *Aguilar v. Garcia,* 880 S.W.2d 279 (Tex.App.—Houston [14th Dist.] 1994, orig. proceeding) (a

trial court does not have discretion to limit the mandatory power given to the trustee under section 142.005(b)(2));

— the power to choose the trustee; TEX. PROP.CODE ANN. § 142.005(a) (Vernon 1995);

— the power to approve trustee's fees; TEX. PROP.CODE ANN. § 142.005(b)(6) (Vernon 1995);

— the power to amend, modify, or revoke the trust; TEX. PROP.CODE ANN. § 142.005(d) (Vernon 1995);

— the power to provide for the management of the trust principal and any undistributed income if the trust is revoked before a minor beneficiary reaches age 18; TEX. PROP.CODE ANN. § 142.005(d) (Vernon 1995); and

— the power to order a claim of interest in the trust property to be paid to the person entitled to receive it; TEX. PROP.CODE ANN. § 142.006 (Vernon 1995).

The trust document itself specifically reserves the power of the court to approve trustee's fees; to amend, alter, modify or revoke the trust; to receive written notice of the trustee's resignation; and to appoint a successor trustee.

The Texas Trust Code contains provisions for a court's general jurisdiction over matters relating to trusts:

A trust terminates if by its terms the trust is to continue only until the expiration of a certain period or until the happening of a certain event and the period of time has elapsed or the event has occurred.

TEX. PROP.CODE ANN. § 112.052 (Vernon 1995). Section 112.054 provides for judicial termination of a trust upon petition by either the trustee or the beneficiary if the purposes of the trust have been fulfilled or have become illegal or impossible to fulfill. TEX. PROP.CODE ANN. § 112.054(a)(1) (Vernon 1995). As the Amarillo Court of Appeals noted in a recent case involving a trust created under the Texas Family Code for a minor beneficiary, "[T]he termination of the entity and distribution of its corpus is but one more step in the administration of the trust." *Bailey v. Bailey*, 987 S.W.2d 206, 213 n. 5 (Tex.App.—Amarillo 1999, no pet.).

We hold that the 206th District Court retained continuing jurisdiction over the Vargas Trust only as to those powers authorized the court by sections 112 and 142 of the Texas Property Code, the Decree, and the trust document, including the power to terminate the Vargas Trust.

## C. *The Nonsuit*

■ At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a nonsuit. TEX.R. CIV. P. 162. Generally, a plaintiff's right to a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. TEX.R. CIV. P. 162; *In re Max Bennett*, 960 S.W.2d 35, 38 (Tex. 1997); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854 (Tex.1995); *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990); *Greenberg v. Brookshire*, 640 S.W.2d 870, 871 (Tex.1982); *Zimmerman v. Ottis*, 941 S.W.2d 259, 261 (Tex.App.—Corpus Christi 1996, no writ); *Strawder v. Thomas*, 846 S.W.2d 51, 59 (Tex.App.—Corpus Christi 1992, no writ).

Here, Vargas, relying on the 370th District Court's Order, filed a Notice of Nonsuit in his trust termination action in the 206th District Court, asserting that the Vargas Trust had terminated "by operation of law" upon a finding by the 370th District Court of his capacity. Because TSB had no claims for affirmative relief pending on that date, Vargas's nonsuit effectively ended his action for termination. However, we hold the nonsuit had no effect on the 206th District Court's continuing jurisdiction over the administration of the Vargas Trust.

### D. The Declaratory Judgment Action

██ TSB, understandably confused as to whether or not the trust had terminated, filed a motion for declaratory relief asking for a determination of that issue and others. TSB served the motion on both of Vargas's attorneys of record. The Texas Declaratory Judgment Act provides that:

A person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust in the administration of a trust or of the estate of a decedent, an infant, mentally disabled person, or insolvent may have a declaration of rights or legal relations in respect to the trust or estate: . . . .

(3) to determine any question arising in the administration of the trust or estate, including questions of construction of wills and other writings.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.005 (Vernon 1997). Therefore, TSB, as trustee of the Vargas Trust, had the right to petition the court of continuing jurisdiction for a determination of whether the trust had terminated.

Section 142 and the trust document provide that the trust shall terminate when the beneficiary regains capacity. However, the Decree states that the trust shall remain in effect "until further orders from this Court." None of these sources provides a procedure for determining whether the beneficiary has regained capacity. Under the circumstances, ascertaining whether termination of the Vargas Trust had occurred was a question of construction of the trust document and Decree, and was, therefore, a proper subject for a declaratory judgment action.

██ Vargas now contests the validity of this action, claiming that TSB is not a proper party because it never intervened in the original lawsuit, and that he was never properly before the court in this action because he was not personally served and never had a guardian ad litem appointed to protect his interests. We conclude, however, that these arguments are spurious. Vargas, of course, was a plaintiff in the original suit. We have already held that the 206th District Court had continuing jurisdiction over the administration of the Vargas Trust. Because TSB agreed to serve as trustee of the Vargas Trust, it submitted itself to the continuing jurisdiction of the 206th District Court. Furthermore, on at least four prior occasions, without objection from Vargas or his attorneys, TSB petitioned the 206th District Court on matters relating to administration of the Vargas Trust. Because both parties to the declaratory action were already before the 206th District Court, we conclude that neither intervention by TSB, nor personal service on Vargas, was required.

██ As to Vargas's claim that a guardian ad litem should have been appointed in the declaratory judgment action, we find no error in the trial court's failure to do so. The Texas Trust Code provides that "[a]t any point in a proceeding a court *may* appoint a guardian ad litem to represent the interest of a minor, an incapacitated, unborn, or unascertained person, or person whose identity or address is unknown, if the court determines that representation of the interest would otherwise be inadequate." TEX. PROP.CODE ANN. § 115.014(a) (Vernon 1995) (emphasis added); *cf.*, TEX. PROP.CODE ANN. § 115.014(b) (Vernon 1995) (a court *shall* appoint a guardian ad litem to defend an action under section 114.038 of this Act for a beneficiary of the trust who is a minor or who has been adjudged incompetent) (emphasis added). We find no abuse of discretion in the trial court's failure to appoint a guardian ad litem, especially in light of the fact that Vargas was represented by counsel and was contending that he had regained the capacity to manage his own assets.

### E. Permissible Scope of the Declaratory Judgment Action

██ The Declaratory Judgment Act cannot enlarge a court's jurisdiction. It

merely provides a procedural device for determination of controversies already within the jurisdiction of the court. *In the Interest of M.M.O.*, 981 S.W.2d 72, 82 (Tex.App.—San Antonio 1998, no writ); *Housing Auth. v. Valdez*, 841 S.W.2d 860, 864 (Tex.App.—Corpus Christi 1992, writ denied). Furthermore, the declaratory procedure may not be used by a potential defendant to determine tort liability. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985); *Stein v. First Nat'l Bank*, 950 S.W.2d 172, 174 (Tex.App.—Austin 1997, no writ); *Valdez*, 841 S.W.2d at 865; *KMS Research Laboratories, Inc. v. Willingham*, 629 S.W.2d 173, 174 (Tex.App.—Dallas 1982, no writ). While the Act appears to give courts jurisdiction over the declaration of non-liability of a potential defendant in a tort action, use of the Act in this fashion would deprive the real plaintiff of the traditional right to choose the time and place of his suit. *Abor*, 695 S.W.2d at 566.

### F. Conclusion

We hold that TSB's declaratory action was proper only as to those matters relating to the trust administration powers specifically given to the court by section 142 and the trust documents. In other words, the 206th District Court had continuing jurisdiction: (1) to determine whether Vargas had regained capacity; (2) to terminate the Vargas Trust; (2) to approve trustee's fees; (3) to approve the final accounting; (4) to order that attorney's fees, costs and expenses relating to the termination of the trust be paid out of the Vargas Trust; and (5) to grant the trustee permission to resign.

We hold that the 206th District Court did not have jurisdiction: (1) to absolve TSB from any liability to Vargas or the Vargas Trust; (2) to approve TSB's investment philosophy, or (3) to approve all distributions, fees, costs and expenses paid by TSB from the Vargas Trust, except the attorney's fees, costs and expenses relating to the termination of the trust.

We sustain appellant's sole point of error. In light of our disposition, it is not necessary to address Vargas's claims of improper notice of trial setting and improper denial of trial by jury. TEX.R.APP. P. 47.1.

We modify the trial court's order by deleting those parts of the order: (1) absolving Texas State Bank from any liability to Rutilo Vargas Amaro or the "Vargas Trust;" (2) approving Texas State Bank's investment philosophy; and (3) approving all distributions, fees, costs and expenses paid by Texas State Bank from the "Vargas Trust," except the attorney's fees, costs and expenses relating to the termination of the trust.

As modified, the trial court's order is affirmed.