In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-093 CV


____________________



SOUTHERN TANK SPECIALIST, INC. and 


COASTAL ENVIRONMENTAL OPERATIONS, INC., Appellants



V.



INDUSTRIAL METAL COMPANY, Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-163,918-A






O P I N I O N


 Southern Tank Specialist, Inc. and Coastal Environmental Operations, Inc.
(appellants) appeal from a default judgment entered in favor of Industrial Metal Co.
(Industrial). Raising three points of error, appellants contend the trial court erred in
granting the default judgment and denying their motion for new trial for three reasons:


 because the default judgment reformed the contract between appellants and
Industrial, which is beyond the scope of the Texas Declaratory Judgment Act;
 because the default judgment disposed of Industrial's tort liability to appellants,
which is beyond the scope of the Texas Declaratory Judgment Act; and
 because Industrial's petition fails to give fair notice to appellants of the claims
asserted.


 In their first point, appellants argue the default judgment changes the contract's
terms by reducing Industrial's duty from design and fabrication to only fabrication. We
disagree with appellants' characterization of the default judgment; it does not reform the
contract by eliminating Industrial's duty to design. Rather, the judgment encompasses
design in its decree that Industrial "is not liable to [appellants] in any regard, under any
theory in law, whether under any federal or state statue, or under any deceptive trade
practice law or statute, or under any tort theory, or under any delictual theory, or under
any breach of contract or breach of warranty theory, regarding any of the industrial tanks
fabricated or made by [Industrial] for these [appellants]." Because the judgment does not
decree Industrial had no duty to design the tanks -- but in the all-encompassing language
quoted above decrees Industrial is not liable for design -- appellants argument fails. Point
of error one is overruled.

 We sustain point of error two. As counsel for Industrial acknowledged in oral
argument before this court, "the declaratory procedure may not be used by a potential
defendant to determine tort liability." Amaro v. Texas State Bank, 28 S.W.3d 789, 796
(Tex. App.--Corpus Christi 2000, pet. granted). See also Abor v. Black, 695 S.W.2d 564,
565-66 (Tex. 1985); Stein v. First Nat. Bank of Bastrop, 950 S.W.2d 172, 174 (Tex. App.
--Austin 1997, no writ); Housing Authority of City of Harlingen v. Valdez, 841 S.W.2d
860, 865 (Tex. App.--Corpus Christi 1992, writ denied); Martinez v. Corpus Christi Area
Teachers Credit Union, 758 S.W.2d 946, 951 (Tex. App.--Corpus Christi 1988, writ
denied); Texas Elec. Utils. Co. v. Rocha, 762 S.W.2d 275, 276 (Tex. App.--El Paso 1988,
writ denied); K.M.S. Research Laboratories Inc. v. Willingham, 629 S.W.2d 173, 174
(Tex. App.--Dallas 1982, no writ).

 Appellants final point is based upon their assertion that Industrial's petition fails to
give fair notice of the claims asserted. We disagree. The petition asks the Court "to
declare the parties respective rights and duties vis a vis the fabrication of these tanks, and
any warranties or contracts regarding these tanks." (Emphasis added.) The petition
further sought "declaratory relief pertaining to the rights and duties of the parties with
regard to the tanks at issue." (Emphasis added.) Although the petition does not specify
"design," we find it to be fairly encompassed within the language set forth above. In the
absence of any special exceptions by appellants, Industrial was not required to be more
specific. Issue three is overruled.

 We reverse and remand the cause to the trial court for reformation of the judgment
to delete that portion discharging Industrial Metal from any liability under any theory of
tort law. Otherwise, the judgement of the trial court is affirmed.

 REVERSED AND REMANDED IN PART; AFFIRMED IN PART.






 DON BURGESS

 Justice


Submitted on December 13, 2001

Opinion Delivered January 10, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.