NO. 07-09-0137-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 9, 2009
______________________________

IN THE INTEREST OF M.G., D.G., S.G., E.G., AND R.M., CHILDREN
_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,603; HONORABLE KEVIN C. HART, ASSOCIATE JUDGE
_______________________________

Â 
Before CAMPBELL and HANCOCK and PIRTLE, JJ.
CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â I join in the Courtâs opinion, and write simply to add that, were we to find that the
merits of this fatherâs appellate contentions were preserved for our review, I still would
affirm the trial courtâs judgment. I cannot agree with appellantâs contention the evidence
that termination of his parental rights is in the best interest of his children is insufficient,
legally or factually. The children ranged in ages from four to thirteen at the time of trial. 
Their motherâs parental rights have been terminated. Their father is incarcerated and may
remain so until 2016. He could present no plan for the care of the children until his
release. Those facts, coupled with the evidence of a history of family violence and other
criminal conduct, were sufficient, in my view, to permit the trial court to find termination of
the fatherâs parental rights in the best interest of the children. See In re J.F.C., 96 S.W.3d
256, 266 (Tex. 2004) (legal sufficiency standard). The contrary evidence, showing
appellant desired to maintain a relationship with his children, and had participated in
programs and taken other steps to address his destructive behaviors, is not insignificant. 
Considering the entire record, however, the evidence permitted the trial court reasonably
to form a firm belief or conviction termination was in the childrenâs best interest. See In re
C.H., 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency standard). 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

 Justice 



ven days of segregated confinement in the instant case does
not present a type of atypical, significant deprivation in which
this State has created a protected liberty interest. Sandin, 132
L.Ed.2d at 431. See also Madison v. Parker, 104 F.3d 765 (5th Cir.
1997) (where it was held that state created liberty interests in
inmates are generally limited to statutes and regulations affecting
the quantity of time rather than the quality of time served by the
inmate and that a 30 day cell restriction did not implicate due
process). Because appellant had no liberty interest in not being
restricted to his cell for seven days, neither his due process, nor
his due course of law rights were implicated, and the trial court
correctly ruled that his claim had no arguable basis in law. 
Without an arguable basis in law, appellant was not entitled to an
evidentiary hearing on appellee's motion to dismiss. 

 Moreover, appellant sought a declaratory judgment that the
defendant(s) violated 42 U.S.C. § 1983 by depriving him of his due
process and due course of law rights under both the federal and
Texas Constitutions by subjecting him to seven days confinement in
his cell. In connection with his action for declaratory relief,
appellant sought $1,700.00 in tort damages, however, a declaratory
judgment action is not a proper procedure for the determination of
tort liability. Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985);
Stein v. First Nat. Bank of Bastrop, 950 S.W.2d 172, 174 (Tex.App.
--Austin 1997, no pet.). As Section 1983 violations are ordinarily
considered torts, appellant's declaratory judgment was an improper
proceeding to establish such liability. Cf. Sylvester v. Watkins,
538 S.W.2d 827, 831 (Tex.App.--Amarillo 1976, writ ref'd n.r.e.)
(where it was held that declaratory relief ordinarily will not be
granted where the cause of action has fully matured and the action
invokes an appropriate present remedy at law). Consequently, the
trial court did not err in finding no arguable basis in law to
support appellant's declaratory judgment action. Points two and
three are overruled.

 Accordingly, the judgment is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. The suit against the two other TDCJ-ID employees was
dismissed by separate order and appellant has not appealed the
final dismissal as applied to them.